## I. B. WOOTEN v. THE STATE.

### No. 7286.    Decided December 5, 1923.

**1.—Perjury—Evidence—Accomplice—Corroboration.**

Upon trial of perjury the testimony of the accomplice could not be corroborated by testimony of third parties with whose conduct the defendant was in no way connected, neither could hearsay evidence corroborate the accomplice or prove the guilt of the defendant.

**2.—Same—Charge of Court.**

Where, upon trial of perjury, the defendant requested the instruction to the effect that to warrant a conviction the jury must believe that the statement was not only false, but known to be so by the defendant, to which the court added the instruction, "or that the statement was made in disregard to what the truth was" this addenda should not have been made.

Appeal from the District Court of Llano.    Tried below before the Honorable J. H. McLean.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

96 T. C.—9

*Flack & Flack,* and *Johnson & Dalrymple,* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The offense is perjury; punishment fixed at confinement in the penitentiary for a period of two years.

The opinion on the former appeal is reported in 91 Texas Crim. Rep. 108.

The presence of T. B. Wooten at the home of the appellant between the hours of twelve and four o'clock at night on the 9th of July was a material inquiry before the grand jury, and the appellant's testimony affirming such presence was found by the jury in the present case to have been false. T. B. Wooten was suspected of burglary, and the grand jury had the matter under investigation when the testimony of the appellant was given.

To sustain its case, the State relied upon the testimony of Arthur Smith, an accomplice in the burglary, and various surrounding circumstances. A rain had taken place on the night that the Watkins Garage was burglarized, and the burglary was committed after the rain. The time with reference to the rainfall when T. B. Wooten was at home became a material inquiry upon the trial. One of the grand jurors was called as a witness and testified that upon the investigation of the charge of burglary, the grand jury had returned indictments against T. B. Wooten, Archie Capps and Arthur Smith.

The docket of the District Court of Llano County showing that on the 20th day of July, 1921, the grand jury returned into open court an indictment against T. B. Wooten, was introduced in evidence.

The court received the testimony of the witness Halliford to the effect that a bill of indictment was presented against T. B. Wooten in the District Court of Llano County and that he entered thereon a plea of guilty of the theft. His testimony identified the transaction upon which the plea of guilty was based as the burglary which was under investigation at the time it is charged the perjured testimony was given. Appropriate objections were made against the receipt of each of these items. After admitting them, the court withdrew all except the proof that T. B. Wooten was indicted for the offense, entered a plea of guilty and was adjudged guilty of theft of the property mentioned. The action of the grand jury in indicting Smith and T. B. Wooten for the burglary, the action of T. D. Wooten in pleading guilty, and the court finding him guilty were all subsequent to the alleged offense of which the appellant was charged and were not made in his presence, nor were they under his control. Each of them portrayed the acts of third parties with whose conduct the appellant was in no way connected. The testimony of Smith was essential to the State. Its corroboration was

also necessary. The hearsay evidence introduced was not available to corroborate the accomplice nor to prove the guilt of the appellant.

Among the elements of the offense of perjury is that to the effect that the statement must be false and must be deliberately and wilfully made. The appellant requested an instruction to the effect that to warrant a conviction, the jury must believe that the statement was not only false but known to the appellant to be so. This instruction was given with the addenda: "or that the statement was made in disregard to what the truth was." This qualification might be misleading. It will doubtless not present itself in the present shape upon another trial and a detailed discussion of the matter is deemed unnecessary at the present time. Suffice it to say that the issues in the case arising from the evidence, to the mind of this court, suggest no cogent reason for a deviation from the language of the statute and the previous interpretations thereof by this court in stating the elements of the offense.

The other matters complained of are not deemed important nor erroneous. In substance, they were passed on in the former appeal.

Because of the use against the appellant of the hearsay testimony mentioned, the judgment is reversed and the cause remanded.

*Reversed and remanded.*